IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARL COPELAND, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:03-CV-3854-JOF |
| CVS PHARMACY, INC., | : |
| | : |
| Defendant. | : |

## OPINION AND ORDER

This matter is before the court on Defendant's motion for attorney's fees [201-1].

Plaintiff, Carl Copeland, filed suit against Defendant, CVS Pharmacy, Inc., alleging that Defendant discriminated against him on the basis of his race and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981. Plaintiff originally brought his suit as a class action but later proceeded only on his individual claims. Plaintiff alleged discrimination on theories of: (1) disparate treatment, (2) pattern and practice, and (3) disparate impact. Of particular importance to the instant motion here, Plaintiff alleged that Defendant utilized a "secret" selection process in assigning and evaluating store managers which was designed to prevent African-Americans from reaching mid- and upper-level management positions.

AO 72A
(Rev.8/82)

In an order dated September 15, 2006, the court adopted the Report and Recommendation of the Magistrate Judge and granted Defendant's motion for summary judgment. With respect to Plaintiff's promotions claims, the court reviewed the testimony of Plaintiff's expert, Dr. Steven Crunk. The court noted that of significance to Plaintiff's disparate impact case, "Dr. Crunk found that the difference in the rates of promotion between blacks and whites is 'not statistically significant.'" *See* Order, dated Sept. 15, 2006, at 22. The court found this testimony alone defeated Plaintiff's disparate impact claim. *Id.* The court also addressed other flaws in Dr. Crunk's statistical analysis. *See id.* at 25-26. The court then went on to determine that it was not clear Plaintiff brought a promotions claim under a disparate treatment theory, but that even if he had, Plaintiff had not proffered any evidence to show that others less qualified were being promoted ahead of him. *Id.* at 30-33. The court also noted that Dr. Crunk's March 2006 declaration contained new expert analysis and was therefore untimely filed.

Defendant then filed this motion for attorney's fees as the prevailing party in an action brought under Title VII. *See* 42 U.S.C. § 2000e-5(k). In its motion, Defendant seeks fees only for preparing the (1) objections and reply to Dr. Crunk's expert report, and (2) objections and reply to the March 2006 Declaration of Dr. Crunk. Defendant asserts that "Plaintiff's continued pursuit of his disparate impact and pattern and practice promotion claims following the close of discovery based on his expert's reports and testimony was frivolous, unreasonable and without foundation." Motion, at 2. Defendant asserts that Plaintiff did not make out a

2

prima facie case for his disparate impact and pattern and practice promotions claims, that CVS did not make any settlement offer after the expert report was filed, and the court granted Defendant's motion for summary judgment. Defendant seeks $59,609.50 in attorney's fees.

Plaintiff responds that his claims were not frivolous because CVS did offer to settle the litigation earlier in the lawsuit and that the magistrate judge and the district court assumed with respect to several of his claims that he could make out a prima facie case. Plaintiff also avers that in its request for fees Defendant seeks all fees relating to its response to Dr. Crunk's report even though only a portion of that report dealt with the pattern and practice/disparate impact promotions claims upon which Defendant bases its motion.

While Title VII does authorize attorney's fees for the prevailing party, the "equitable considerations involved depend . . . upon whether the prevailing party is the defendant or the plaintiff." *Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1353 (11th Cir. 1998). In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court determined that prevailing defendants may only be awarded attorney's fees when a court finds that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The Supreme Court specifically cautioned that "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. In *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182 (11th Cir. 1985), the Eleventh Circuit further clarified

3

these standards by describing additional factors important in determining whether a claim is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* at 1189.

Determinations regarding frivolity are fact-specific and should be made on a case-by-case basis. *See Sullivan*, 773 F.2d at 1189. The court further notes that it may award attorney's fees for defending some portions of a plaintiff's Title VII claims and not others. *See Quintana v. Jenne*, 414 F.3d 1306, 1311-12 (11th Cir. 2005).

This circuit has awarded attorney's fees to prevailing defendants in Title VII actions. In *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418 (11th Cir. 1996), a Title VII race discrimination claim, plaintiff failed to respond to defendant's motion for summary judgment and subsequently failed to appear at oral argument. *Id.* at 1420. Applying *Christiansburg* and *Sullivan*, the court affirmed the district court's award of attorney's fees, concluding that plaintiff failed to make out a *prima facie* case. *Id.* at 1423. Likewise, in *Head v. Medford*, 62 F.3d 351 (11th Cir. 1995) (per curiam), the court reversed the district court and awarded attorney's fees to defendant where plaintiff asserted a "legally groundless . . . constitutional claim based knowingly on a nonexistent property interest." *Id.* at 356.

The court also finds *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169 (11th Cir. 2005), to be instructive. There, the court had previously affirmed the district court's order granting summary judgment to the defendant on the plaintiff's ADA claim. The defendant then filed

4

a motion for attorney's fees under the ADA which is also governed by the *Christiansburg* analysis. Despite the fact that the plaintiff could only offer conjecture and speculation as to whether her supervisor knew she had a medical condition, the court held:

> this speculation was not so unreasonable that it can be termed frivolous. To be sure, Cordoba's claims were weak, and it is easy at this point to recognize that the court and all parties involved would have been better off had they never been pursued. But in awarding attorney's fees against ADA plaintiffs, we must take care not to "undercut the efforts of Congress to promote the vigorous enforcement" of the Act.

*Id.* at 1181 (citing *Christiansburg*, 434 U.S. at 422).

The *Cordoba* court also found the plaintiff's argument concerning who had decision-making authority for her termination "not frivolous." *Id.* at 1182 ("Although Cordoba was never able to come up with any evidence that Stossel was involved in the termination decision – and Dillard's presented credible evidence to the contrary – we do not think that it was entirely unreasonable for Cordoba to hope that the court would permit her case to go to the jury" on the theory that Stossel knew of her heart condition and was involved in the termination decision). Finally, although it labeled the plaintiff's constructive discharge theory as lacking "support in logic and commonsense" and finding that the cases cited by the district court "all but completely undermine it as a viable argument in this context," it nevertheless was not frivolous because remarks in dicta in three cases led Cordoba to rely on it. *Id.* at 1186. The court then reversed the district court's award of attorney's fees.

5

Here, applying the *Sullivan* factors, the court understands Defendant's argument that it did not offer to settle once Plaintiff's expert report issued, but there is no dispute that Defendant did make a settlement offer at some point in the case. In any event, because the court does not know how much was offered in settlement, this is not a factor that supports either party. *See Quintana*, 414 F.3d at 1310. Plaintiff's case did not proceed to trial and this factors in favor of Defendant. Finally, the degree to which Plaintiff established a prima facie case is not clear-cut in this case. Disparate impact and pattern and practice cases do not proceed in the traditional *McDonnell-Douglas* framework although, as the court illustrated in its September 15, 2006 order, there are certain elements to be applied, and the court found that Plaintiff could not fulfill the elements of this claim. A significant reason leading to that finding was, indeed, the fact that Dr. Crunk's report did not show a statistical significance to the disparity in rates of promotions between black and white candidates.

In the final analysis, while the court understands that Defendant's motion was intended to narrow as much as possible the request for funds to the problems with Dr. Crunk's report, Plaintiff is correct that Dr. Crunk's report reached far more issues than simply the disparate impact/pattern and practice promotions claim. Furthermore, as *Christiansburg Garment Co.* instructs, the court must not engage in *post hoc* rationalization when considering whether to award attorney's fees to a prevailing defendant. Finally, the court notes that in *Cordoba*, the Eleventh Circuit reversed a district court's award of attorney's fees in a case with problems

at least as significant at Plaintiff's here. For the foregoing reasons, the court declines to award attorney's fees here and DENIES Defendant's motion for attorney's fees [201-1].

**IT IS SO ORDERED** this 16th day of January 2007.

                                            s/ J. Owen Forrester
                                            J. OWEN FORRESTER
                                SENIOR UNITED STATES DISTRICT JUDGE